UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRANDON LEE SCROGGIN,

    Plaintiff,

    v.      CAUSE NO. 3:20-CV-664-RLM-MGG

GALIPEAU, et al.,

    Defendants.

OPINION AND ORDER

Brandon Lee Scroggin, a prisoner without a lawyer, is proceeding in this case on four claims, three of which are relevant here. ECF 11. First, Mr. Scroggin is proceeding "against Nurse Purdue in his individual capacity for compensatory and punitive damages for making Mr. Scroggin fill out a medical request on February 5, 2020, to receive medical care when he was unable to do so while on suicide watch in violation of the Eighth Amendment[.]" *Id.* at 11. Second, he is proceeding "against Nurse Sandra Allen in her individual capacity for compensatory and punitive damages for the unanswered healthcare requests she accepted from Mr. Scroggin in March and May 2020 in violation of the Eighth Amendment[.]" *Id.* Third, Mr. Scroggin is proceeding "against Warden Galipeau in his individual capacity for compensatory and punitive damages for being aware that Mr. Scroggin's serious medical needs in February and March 2020 were not being treated in violation of the

Eighth Amendment[.]" *Id.*[1] On November 12, 2021, Nurse Purdue, Nurse Allen, and Warden Galipeau filed a joint motion for partial summary judgment, arguing Mr. Scroggin didn't exhaust his administrative remedies before filing this lawsuit. With the motion, the defendants provided Mr. Scroggin the notice required by N.D. Ind. L.R. 56-1(f). ECF 41. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Under Local Rule 56-1(b)(1), "[a] party opposing [a summary judgment] motion must, within 28 days after the movant serves the motion, file and serve (A) a response brief; and (B) any materials that the party contends raise a genuine dispute." This deadline passed over two months ago, but Mr. Scroggin hasn't responded. The court will now rule on the defendants' motion for partial summary judgment.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion can't rely merely on allegations or

---

[1] Mr. Scroggin is also proceeding on a claim against Nurse Atkinson, but Nurse Atkinson hasn't moved for summary judgment.

2

denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010).

The defendants provide an affidavit from John Harvil, the Grievance Specialist at Westville Correctional Facility, who attests to the following:[2] Mr. Scroggin's claims against Nurse Allen, Warden Galipeau, and Nurse Purdue each raise grievable issues, but Mr. Scroggin didn't properly submit any grievance related to these claims before filing this lawsuit. Mr. Harvil didn't locate any grievances submitted by Mr. Scroggin related to his claim against Nurse Purdue. Mr. Scroggin tried to submit a grievance related to his claim against Nurse Allen, but the grievance office properly rejected it as untimely because it was submitted more than ten business days after the incident. Mr. Scroggin submitted only one grievance related to Warden Galipeau during the relevant time period, in which he complained Warden Galipeau was failing to protect him from prison staff and other offenders and requested an immediate transfer to a different facility. The grievance office rejected this grievance because transfer to another facility is a classification issue.

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion

---

[2] Because Mr. Scroggin hasn't responded to the defendants' summary judgment motion, the court accepts Mr. Harvil's attestations as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

3

to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015). Courts take a "strict compliance approach to exhaustion." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002).

This case's undisputed facts show that Mr. Scroggin didn't exhaust the grievance process related to his claims against Nurse Allen, Warden Galipeau, and Nurse Purdue before filing this lawsuit. The undisputed facts show that Mr. Scroggin didn't submit any grievance related to his claim against Nurse Purdue, submitted only an untimely grievance related to his claim against Nurse Allen, and submitted a grievance against Warden Galipeau that didn't address Warden Galipeau's alleged failure to provide Mr. Scroggin treatment for his medical needs. The defendants have met their burden to show Mr. Scroggin didn't exhaust his administrative remedies before filing this lawsuit. Summary judgment is warranted in their favor.

For these reasons, the court:

(1) GRANTS the defendants' motion for partial summary judgment (ECF 39);

(2) DISMISSES Nurse Purdue, Nurse Allen, and Warden Galipeau from this action; and

4

(3) REMINDS the parties this case is now proceeding only on Mr. Scroggins' remaining claim "against Nurse Atkinson in her individual capacity for compensatory and punitive damages for withholding pain medication from June 19-21, 2020, without a medical reason in violation of the Eighth Amendment[.]" ECF 11 at 11.

SO ORDERED on March 1, 2022

                                                      s/ Robert L. Miller, Jr.
                                                      JUDGE
                                                      UNITED STATES DISTRICT COURT